IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

COLLETTE ORR WILLIAMS,          *

    Plaintiff,               *

vs.                             *
                              CASE NO. 3:20-CV-107 (CDL)

KENNETH J. BRAITHWAITE,          *
Secretary of the Navy,
                             *

    Defendant.                  *
_____
                             *

O R D E R

Plaintiff Collette Williams, proceeding pro se, brings claims under Title VII of the Civil Rights Act of 1964 related to racial discrimination she allegedly experienced while working for the Department of the Navy.  Defendant Kenneth Braithwaite moves to dismiss Plaintiff's complaint for failure to exhaust administrative remedies and for failure to state a claim. As explained in the remainder of this Order, Defendant's motion (ECF No. 4) is granted because Plaintiff failed to timely exhaust her administrative remedies.[1]

MOTION TO DISMISS STANDARD

Generally, "[b]ecause exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . should be raised in a motion

_____

[1] Plaintiff also filed a belated motion for leave to file a sur-reply. That motion (ECF No. 13) is granted.

to dismiss, or treated as such if raised in a motion for summary judgment." *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008)(internal quotation mark omitted) (quoting *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368–69 (9th Cir. 1988)).  In ruling on a 12(b) motion for failure to exhaust administrative remedies, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Id.* at 1376.

Here, the facts related to the exhaustion defense are largely undisputed.  To the extent that they are not, the parties have had an opportunity to develop a record through their briefing.  It is undisputed that Plaintiff filed her formal complaint with her employing agency one day late.  She maintains that her tardy filing should be excused due to her difficulties in filing the complaint electronically.  For purposes of deciding whether the deadline should be tolled, the Court accepts Plaintiff's version of why she missed the deadline except to the extent that her explanation contradicts the documentary evidence included in the present record.

## DISCUSSION

Plaintiff, as a federal employee, was required to exhaust administrative remedies before filing an action in this Court

pursuant to Title VII.  Those requirements included filing a formal
complaint with her employing agency within fifteen days after
receiving a notice of a right to file such a complaint.  29 C.F.R.
§ 1614.106(b).  Plaintiff received her notice of right to file a
formal complaint ("Notice") on April 4, 2018.  Def.'s Mot. to
Dismiss Ex. D, Notice of Right to File 000233, ECF No. 4-4.  Thus
she had until April 19, 2018 to file her formal complaint.
Although Plaintiff attempted to electronically file her complaint
on April 19, 2018, only a few hours before the expiration of the
deadline, the complaint was not received until April 20, 2018 when
she hand-delivered it after being unable to file it electronically.
Pl.'s Sur-Reply 5, ECF No. 12.  Therefore, she missed the deadline
by one day.[2]

Title VII deadlines are generally strictly construed.
Although dismissing an action for missing a deadline by one day
may appear harsh, deadlines are meaningless if they are not
enforced.  *See Norris v. Fla. Dep't of Health & Rehab. Servs.*, 730
F.2d 682, 682–83 (11th Cir. 1984) (per curiam) (finding that
plaintiff's complaint was untimely because it was filed one day

---

[2] The Administrative Law Judge made specific factual findings in her
order dismissing Plaintiff's request for a hearing as untimely. That
order is included in the record and was relied upon by Defendant in
support of the motion to dismiss. Plaintiff does not dispute in a
material way those findings as to the events that relate to Plaintiff's
unsuccessful attempts to send her complaint via email on April 19, 2018.
Those findings, which are consistent with the rest of the present record,
establish that the April 19 email attachments never made it to Defendant
on April 19.

after Title VII's ninety-day deadline for filing suit expired).
The law does recognize that deadlines can be tolled under
extraordinary circumstances. But "[e]quitable tolling is an
extraordinary remedy which should be extended only sparingly."
*Bost v. Fed Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004)
(internal quotation marks omitted) (quoting *Justice v. United
States*, 6 F.3d 1474, 1479 (11th Cir. 1993)). "Traditional
equitable tolling principles require a claimant to justify her
untimely filing by a showing of extraordinary circumstance,' such
as fraud, misinformation, or deliberate concealment." *Bourne v.
Sch. Bd. of Broward Cnty.*, 508 F. App'x 907, 910 (11th Cir. 2013)
(per curiam) (internal alternations omitted) (quoting *Jackson v.
Astrue*, 506 F.3d 1349, 1353, 1355 (11th Cir. 2007)). "The general
test for equitable tolling . . . is that the party seeking tolling
must prove that (1) she has been pursuing her rights diligently
and (2) some extraordinary circumstance stood in her way and
prevented her from timely filing." *Joye v. Sec'y Dep't of Navy*,
736 F. App'x 861, 864 (11th Cir. 2018) (per curiam). "Due
diligence, therefore, 'is a necessary, though not sufficient
prerequisite that a plaintiff must satisfy.'" *Id.* (quoting *Chang
v. Carnival Corp.*, 839 F.3d 993, 996 (11th Cir. 2016)).

Here, Plaintiff first contacted an EEO officer about the
alleged discriminatory events on January 26, 2018. Pl.'s Sur-
Reply Ex. 2, EEO Couns.'s Rep., ECF No. 12-2.  After receiving

4

her notice of right to file a formal complaint on April 4, 2018, she waited until the day that the deadline for filing her complaint expired, April 19, 2018, to attempt to email her complaint to an EEO counselor. In several emails, Plaintiff expressed concern that the Navy's firewall was deleting her email attachments, which included her formal complaint, and asked the EEO counselor to confirm that she received the attachments. Emails from C. Orr to L. Jackson (Apr. 19, 2018), ECF No. 8-1 at 1-2. The EEO counselor never received the email attachments prior to the expiration of the filing deadline and never confirmed that she did. The next morning, after the deadline for filing the complaint had expired, the EEO counselor informed Plaintiff that she had not received the attachments. Plaintiff then hand-delivered her complaint on April 20, 2018, which was one day after the deadline. Pl.'s Sur-Reply 5, ECF No. 12.

These circumstances do not authorize equitable tolling of the fifteen-day deadline. First, Plaintiff failed to establish that she was reasonably diligent in filing her complaint before the deadline expired. She did not begin the process of attempting to file her complaint via email until the evening of the deadline, only a few hours prior to the expiration of the deadline. *See* Email from C. Orr to L. Jackson (Apr. 19, 2018), ECF No. 8-1 at 1. And she knew at that time that she was having technical problems with the transmission of her complaint. *See* Email from C. Orr to

L. Jackson (Apr. 19, 2018), ECF No. 8-1 at 2 ("Ms. Jackson, please let me know if you got everything.  I was having problems sending the files.").  Thus, prior to the expiration of the deadline, she had no confirmation that her complaint had been received, and in fact, she likely knew that it had not been.  Having waited to the very last moment to attempt to file her complaint via email, she assumed the risk of not having time to hand-deliver the complaint prior to the expiration of the deadline after she realized it had not been filed via email.

Second, no evidence exists that Defendant misled Plaintiff in any way or had any unreasonable obstacles in place that prevented her from filing her complaint in a timely manner.  Defendant informed Plaintiff when her complaint was due.  Plaintiff had the opportunity to hand-deliver her complaint, which she ultimately did one day after her failed electronic filing attempt.  Had she done so earlier, she could have confirmed that it was received in a timely manner.  Although filing her complaint via email was not prohibited, she assumed the risk of technical problems frustrating her ability to file in that manner.  Defendant was not required to have an employee in the office during evening hours waiting to assist Plaintiff with the technical difficulties that she encountered as she tried to file her complaint at the last minute. Even if Defendant's computer network would not accept email attachments due to security or other concerns, the Court finds

6

that such technological obstacles are not sufficiently extraordinary to authorize equitable tolling, particularly when Plaintiff was not restricted to filing her complaint via email. Plaintiff has failed to demonstrate that she is entitled to the extraordinary remedy of equitable tolling.

CONCLUSION

Because Plaintiff's complaint was indisputably filed after the deadline expired and that deadline cannot be tolled under the circumstances presented here, Plaintiff's complaint must be dismissed due to her failure to exhaust her administrative remedies. Accordingly, Defendant's motion to dismiss Plaintiff's complaint (ECF No. 4) is granted.

IT IS SO ORDERED, this 13th day of September, 2021.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA